UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
10 MAR -4 AM 11: 11
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| CHARLES SLAVIK, CARLY DEMBECK, and JOSH FOUNTAIN, on behalf of themselves and others similarly situated, | Court File No.: |
| Plaintiffs, | **1:10-cv-0257 LJM -TAB** |
| v. | |
| AUTHOR SOLUTIONS, INC., AUTHORHOUSE, INC., iUNIVERSE, INC., XLIBRIS, CORP., TRAFFORD PUBLISHING, INC., and WORDCLAY, INC., | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Charles Slavik, Carly Dembeck, and Josh Fountain ("Plaintiffs"), by and through their attorneys, Nichols Kaster, PLLP, make the allegations contained herein on behalf of themselves and all other similarly situated employees.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants Author Solutions, Inc., AuthorHouse, Inc., iUniverse, Inc., Xlibris, Corp., Trafford Publishing, Inc., and Wordclay, Inc. ("Defendants") reside in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Defendant Author Solutions, Inc. is a foreign corporation with offices located in Bloomington and Indianapolis, Indiana. Defendant resides at 1663 Liberty Drive, Suite 200, City of Bloomington, County of Monroe, State of Indiana. Upon information and belief, Defendant Author Solutions, Inc. is the parent company of Defendants AuthorHouse, Inc., iUniverse, Inc., Xlibris, Corp., Trafford Publishing, Inc., and Wordclay, Inc. In conjunction with its divisions and subsidiaries, Defendant Author Solutions, Inc. suffers and permits Plaintiffs and other similarly situated employees to work on its behalf. Defendant Author Solutions, Inc. is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Defendants AuthorHouse, Inc., iUniverse, Inc., Xlibris, Corp., and Trafford Publishing, Inc. are foreign corporations that reside at 1663 Liberty Drive, Suite 200, City of Bloomington, County of Monroe, State of Indiana. Defendant Wordclay, Inc. is a foreign corporation that resides at 3750 Priority Way South Drive, Suite 114, City of Indianapolis, County of Marion, State of Indiana. In conjunction with their respective parent company, Defendants AuthorHouse, Inc., iUniverse, Inc., Xlibris, Corp., Trafford Publishing, Inc., and Wordclay, Inc. suffer and permit Plaintiffs and/or other similarly situated employees to work on their behalf. They are employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Plaintiff Charles Slavik is a resident of the County of Hamilton, State of Indiana, and he worked as a publishing consultant in Defendants' Indianapolis, Indiana location during the applicable statutory period.

6. Plaintiff Carly Dembeck is a resident of the County of Marion, State of Indiana, and she worked as a publishing consultant in Defendants' Indianapolis, Indiana location during the applicable statutory period.

7. Plaintiff Josh Fountain is a resident of the County of Johnson, State of Indiana, and he worked as a publishing consultant and a marketing consultant in both Defendants' Indianapolis and Bloomington, Indiana locations during the applicable statutory period.

8. Plaintiffs and those similarly situated are all employees within the meaning of the FLSA, 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS

9. Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto as Exhibit A.

10. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for worked performed in excess of forty (40) hours per workweek.

11. During the statutory period, Defendants have provided and continue to provide self-publishing services to authors and potential authors, located throughout the country, out of their Indianapolis and Bloomington, Indiana locations.

12. During the statutory period, Plaintiffs and other similarly situated employees work(ed) as publishing consultants, marketing consultants, book consultants, editorial consultants, channel book sales, inside sales representatives, and/or under similar titles, out of Defendants' locations in Indianapolis and/or Bloomington, Indiana.

13. Defendants refer to these positions as non-exempt in writing. In fact, Plaintiffs and other similarly situated employees do not satisfy the requirements of any applicable exemption defense.

14. In these positions, Plaintiffs and other similarly situated employees' primary duty

was to solicit—mainly through initiating phone contact—current and prospective authors to sell Defendants' publishing packages.

15. During the statutory period, Plaintiffs and other similarly situated employees routinely worked in excess of forty (40) hours per workweek without overtime compensation for any of these hours. As a result, Plaintiffs and other similarly situated employees suffered loss of wages.

16. During the statutory period, Defendants have been aware that Plaintiffs and/or other similarly situated employees have worked over forty (40) hours per workweek without receiving overtime compensation because Defendants often made such overtime work mandatory. For example, Defendants often required Plaintiffs and other similarly situated employees to work on Saturdays in addition to their normal, full time schedules.

17. During the statutory period, Defendants failed to accurately record, report, and/or preserve a record of the number of hours worked by Plaintiffs and other similarly situated employees.

18. Upon information and belief, Defendants were informed by management and human resource personnel that their failure to properly compensate Plaintiffs and other similarly situated employees at the applicable overtime rate violates to FLSA, 29 U.S.C. § 210, et seq.. Nevertheless, Defendants continue their present compensation practices.

19. Plaintiffs and/or other similarly situated employees complained to Defendants about working overtime hours without receiving overtime compensation. Nevertheless, Defendants continue their present compensation practices.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq.

20. Plaintiffs and other similarly situated employees allege and incorporate by reference the allegations in the preceding paragraphs.

21. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty per workweek.

22. Plaintiffs and those similarly situated are "employees" entitled to FLSA overtime compensation for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 203(e).

23. Plaintiffs and other similarly situated employees routinely work(ed) in excess of forty (40) hours per week without receiving the appropriate compensation from Defendants.

24. Defendants knew, or showed reckless disregard for the fact, that Plaintiffs and other similarly situated employees worked over forty hours per week without receiving overtime compensation.

25. In denying overtime compensation, Defendants violate the FLSA.

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

27. As a direct and proximate result of Defendants unlawful conduct, Plaintiffs and other similarly situated employees have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and other similarly situated employees are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all other similarly situated employees who join in this action, pray for the following relief:

a) Issuance of notice as soon as possible to all publishing consultants, marketing consultants, book consultants, editorial consultants, channel book sales, inside sales representatives, and/or persons working under similar titles who are or were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform these persons that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid for their overtime hours worked in any week during the statutory period;

b) Designation of this action as a collective action pursuant to 29 U.S.C. § 216(b);

c) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

d) Judgment against Defendants for an amount equal to Plaintiffs and the similarly situated employees' unpaid back wages at the applicable overtime rate;

e) An equal amount to the overtime damages as liquidated damages;

f) Determination that Defendants' actions were willful;

g) All costs and attorneys' fees incurred in prosecuting this action;

h) An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit;

i) A jury trial; and

j) For such further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: 03/01/10

**NICHOLS KASTER, PLLP**

/s/ Rebekah Bailey

Paul J. Lukas, MN Bar No. 22084X*
Michele R. Fisher, MN Bar No. 303069*
Rebekah L. Bailey, MN Bar No. 289599*
*(pro hac application submitted)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com, fisher@nka.com, bailey@nka.com

ATTORNEYS FOR PLAINTIFFS