UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES SLAVIK, CARLY DEMBECK, and JOSH FOUNTAIN, on behalf of themselves and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) | Court File No.: 1:10-cv-0257 TWP-TAB |
| v. | ) ) | |
| AUTHOR SOLUTIONS, INC., AUTHORHOUSE, INC., iUNIVERSE, INC., XLIBRIS, CORP., TRAFFORD PUBLISHING, INC., and WORDCLAY, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

Through the parties' motion, affidavit, and exhibits attached hereto, the above-named Plaintiffs, individually and on behalf of the opt-in collective class members ("Plaintiffs"), and Defendants Author Solutions, Inc., AuthorHouse, Inc., iUniverse, Inc., Xlibris, Corp., Trafford Publishing, Inc., Wordclay, Inc. ("Defendants"), seek approval of their agreed upon settlement of Plaintiffs claims brought under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et. seq.* The parties respectfully submit that the terms of settlement are fair, reasonable, and adequate, and that they resolve a *bona fide* dispute between the parties with respect to liability and damages.

## BACKGROUND INFORMATION

### I.     COMMENCEMENT OF THE LAWSUIT

On March 4, 2010, the named Plaintiffs Charles Slavik, Carly Dembeck, and Josh Fountain brought collective claims against Defendants under the FLSA, alleging that Defendants

failed to pay them and other similarly situated individuals properly for all of their time worked. (Compl., ECF No. 1.)  Plaintiffs specifically alleged that they and other similarly situated individuals worked hours in excess of forty in a work week without receiving overtime compensation.

Defendants have at all times denied the allegations asserted by Plaintiffs.  As set forth in Defendants' Answer and Affirmative Defenses it has been Defendants' position that, among other things, the Plaintiffs did not work in excess of forty hours in a work week, and in the alternative, any work performed over forty hours was *de minimus* and thus not compensable. (Ans., ECF No. 22.)

## II.    CONDITIONAL COLLECTIVE ACTION CERTIFICATION

The parties agreed early on in the case to stipulate to conditional collective action certification and judicial notice.  The parties' stipulation was filed with the court on May 27, 2010.  (ECF No. 42.)  On June 1, 2010, the Court conditionally certified the proposed collective action comprised of all current and former employees who worked for Defendants from May 27, 2007 until May 27, 2010,[1] with any of the following job titles:  publishing consultant, marketing consultant, book consultant, editorial consultant, book sales representative, author services representative, channel book sales representative, and lead developer.  (ECF No. 45.)

Plaintiffs mailed notice of the right to join the lawsuit to the putative collective action members on June 10, 2010, and putative class members had until August 9, 2010 to join the action.  (Bailey Aff. ¶ 3.)  As a result, the collective is presently comprised of forty individuals, including the three named Plaintiffs.  (ECF Nos. 1-1, 13, 16, 19, 32, 35–26, 48–50, 52–61, 63–65.)

---

[1] Defendants' did start tracking time and providing overtime compensation in March 2010.  As such, Plaintiffs only sought damages for work performed before this change.  (Bailey Aff. ¶ 5.)

### III.    DISCOVERY

The parties indicated to the court early on in their proposed case management plan, (ECF No. 38 at 3 n.1), and at their initial pretrial conference with Magistrate Judge Baker on May 27, 2010, (ECF No. 47), their intent to attempt to resolve this matter before formal discovery.  As such, the Court never set formal discovery deadlines and the parties never engaged in the process.

Rather, the parties cooperatively exchanged documents and data relevant for mediation preparations.  Defendants produced dates of employment, payroll data, phone logs, and email logs.  (Bailey Aff. ¶ 5.)  Plaintiffs produced handwritten phone logs, emails relating to work hours and goals, and an excerpt from a sales training manual.  (*Id.* ¶ 6.)  The parties expended significant time analyzing and comparing the produced documents in preparation for effective and meaningful mediation discussions.  (*Id.*)

### IV.    THE SETTLEMENT PROCESS

The parties conducted arm's-length negotiations to settle the claims asserted by Plaintiffs.  The parties engaged Honorable Magistrate Judge Baker of the United States District Court for the Southern District of Indiana, as an experienced mediator, to facilitate settlement discussions.  (ECF No. 68.)  The parties met in Magistrate Judge Baker's chambers on November 2, 2010.  (*Id.*)  In addition to the parties' respective counsel, Plaintiff Charles Slavik attended on behalf of Plaintiffs and Chris Schrader, Vice President of Human Resources for Author Solutions, Inc., attended on behalf of Defendants.   (Bailey Aff. ¶ 7.)  At the mediation, the parties reached a settlement as to all of Plaintiffs' claims in the amount of $300,000.00, inclusive of attorneys' fees and legal costs.  Soon thereafter, the parties prepared and executed a Joint Stipulation of Settlement, filed herewith.  (Ex. A.)

Plaintiffs also calculated, and Defendants' later approved, a final allocation of settlement filed herewith as Exhibit C. Plaintiffs' counsel based the allocations on each individual's length of employment with Defendants during the three-year statute of limitations period, Defendants' payroll records, Plaintiffs' good faith estimates of overtime hours worked in a week,[2] minimum wages due,[3] and liquidated damages. (Bailey Aff. ¶ 9; Ex. A at 4–6.) Each Plaintiff's allocation represents a compromise to his or her full claims.[4]

Pursuant to the Joint Stipulation of Settlement, Plaintiffs' counsel disbursed to each Plaintiff, by email and regular U.S. mail, a Notice of Settlement ("Notice"), advising that the lawsuit had been settled, identifying Plaintiff's settlement allocation, and outlining the claims each Plaintiff releases in exchange for the settlement. (Ex. B.) To accept the settlement, Plaintiffs signed and returned the accompanying Consent to Join Settlement Form and IRS Form W-9. (*Id.*) Plaintiffs were provided with twenty-one (21) days to accept or reject the settlement. (*Id.*) Throughout this period, Plaintiffs' counsel continuously and diligently contacted Plaintiffs to ensure timely response to the Notice. Exhibit A provides the contingencies for Plaintiffs who fail to respond or who reject the settlement offer. (Ex. A at 4–5.).

The notice period concluded on December 1, 2010. Thirty-nine of the forty Plaintiffs accepted the settlement, and the remaining Plaintiff has failed to respond to the offer.[5] (Bailey

---

[2] One opt-in Plaintiff claims to only have worked overtime during a limited number of weeks, rather than throughout his employment. His calculation was limited to those weeks identified. (Bailey Aff. ¶ 10.)

[3] Plaintiffs' Complaint does not include minimum wage claims; however, Plaintiffs would have moved to amend to add such claims if mediation proved unsuccessful. Plaintiffs were unaware of the minimum wage violations until Plaintiffs conducted their damage calculation for mediation.

[4] Attorneys' fees and litigation costs were deducted from the full settlement amount, and named Plaintiff bonuses were allocated to the three named Plaintiffs. (Ex. A. at 5.) The remaining amount was distributed to Plaintiffs' on a pro rata basis. Each individual's pro rata share was calculated by dividing his/her total damages by the sum of all clients' damages. This figure was multiplied by the allocable settlement amount to determine each individual's share. Plaintiff Kari Stevenson, however, was offered a flat settlement share of $200.00 because the parties later determined that this particular opt-in Plaintiff did not meet the definition of the collective, and instead worked in a non-exempt position entitled to overtime compensation. (Bailey Aff. ¶ 12; Ex. A. at 2 n.1, 5 n.5.)

[5] The one non-responding Plaintiff is Kari Stevenson, which Defendants have identified as outside the scope of the class. *See supra* note 4. Plaintiffs' counsel attempted numerous times in good faith to communicate the offer to Ms.

Aff. ¶ 15.)  The parties now submit this joint motion for settlement approval and for dismissal of the action, requesting approval of the settlement and that, consistent with the parties' Joint Stipulation of Settlement, the accepting Plaintiffs' claims be dismissed with prejudice and the one non-responding Plaintiff's claims be dismissed without prejudice.  The parties have set these deadlines with the goal of providing settlement payments to participating Plaintiffs in 2010.

## ANALYSIS

Court approval of FLSA settlements is necessary to effectuate a valid and enforceable release of the FLSA claims asserted by the named Plaintiffs and the opt-in class. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).  Release of FLSA claims is only appropriate when the court approves the agreed upon settlement terms as a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," and the settlement is entered as a stipulated judgment. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982).

## I.   THE PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE PARTIES' CLAIMS AND DEFENSES

This settlement was the product of arm's-length negotiations between the parties, facilitated by experienced counsel before United States Magistrate Judge Baker.  It provides relief to Plaintiffs and eliminates the inherent risks both sides would bear if this complex litigation were to continue.  Given these circumstances, a presumption of fairness should attach to the proposed settlement.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an

---

Stevenson.  Plaintiffs' counsel mailed and emailed the offer to her last known address, called her last known telephone number three during the acceptance period, left messages with her emergency contact twice, and sent her an email. (Bailey Aff. ¶ 15.)  Plaintiffs' counsel further performed Accurant searches to find alternative addresses or phone numbers and asked some other Plaintiffs if they knew who she was and how she could be contacted.  (*Id.*)  Ms. Stevenson was also not responsive to Plaintiffs' counsels' previous attempts to contact her before the settlement. (*Id.* ¶ 12.)  Her only contact with counsel has been her signed consent form.  (*Id.* ¶ 16.)

indication of fairness); *see also In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and awards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.").

Consideration of several additional relevant factors confirms that the proposed settlement is fair and reasonable.  First, the complexity, expense, and likely duration of the litigation weighs heavily in favor of finding that the settlement is fair and reasonable.  Should this matter have continued, the parties would have had to commence and complete formal discovery, Defendants would have likely brought a motion for decertification of the collective, and the parties would have brought dispositive motions on at least the following issues: (1) whether Defendants had knowledge of Plaintiffs' overtime hours worked, (2) whether Defendants acted in good faith; (3) whether Defendants willfully violated the FLSA, and (4) whether the amount of uncompensated work performed by the Plaintiffs was *de minimus*.  Following the resolution of those issues, the matter would have potentially proceeded to an expensive, lengthy jury trial, with risks to both parties, as well as likely appeals and post-trial motions.  While a number of issues remain unresolved in this litigation, preparation for mediation enabled counsel for the parties to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement under the terms set forth herein is in the parties' best interest.

Plaintiff Charlie Slavik's participation in the settlement discussion and acceptance of the resolution is further evidence of reasonableness to the collective.  Similarly, all but one member of the collective accepted their settlement offers, supporting fairness (and the one non-responding Plaintiff did not properly meet the definition of the collective).  Each Plaintiff's

settlement allocation was fairly computed based on his or her individual dates of employment within the statute of limitations, payroll records, personal good faith estimate of hours worked per week, and involvement in the case. Lastly, Plaintiffs' counsel, having gained comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses, is of the opinion that this settlement is fair, reasonable, and adequate. *In re BankAmerica*, 210 F.R.D. at 702 ("Although the Court is not bound by the counsel's opinion, their opinion is nonetheless entitled to great weight.").

Likewise, Plaintiffs' counsel's attorney's fees and costs are reasonable because the issues here are complex and because counsel bore a significant risk of no recovery or reduced recovery in this case if Defendants were to prevail on the merits and/or the issues surrounding willfulness and good faith. Plaintiffs' counsel expended a considerable amount of resources and analysis for each of the Plaintiffs' individual claims.[6] Finally, the collective action members agreed to be represented by Plaintiffs' counsel on a contingency basis, and the fees and costs for attorneys' fees reflect the terms of that agreement. Accordingly, the Court should approve the proposed settlement because it is fair, reasonable, and resolves a *bona fide* dispute between the parties.

## II.     A *BONA FIDE* DISPUTE BETWEEN THE PARTIES EXISTED OVER FLSA COVERAGE.

Plaintiffs alleged that Defendants violated the FLSA because they failed to provide Plaintiffs with overtime compensation for all hours worked over forty in a workweek. Defendants, on the other hand, argued that Plaintiffs did not perform overtime work, denied that any work performed was further compensable, and denied that Plaintiffs were similarly situated under the FLSA.

---

[6] While the parties did not formally begin discovery, Plaintiffs counsel engaged in extensive document gathering with, and detailed interviewing of, all members of the collective both to help prepare for mediation and to prepare for further litigation if mediation proved unsuccessful. (Bailey Aff. ¶¶ 4–6.)

If Plaintiffs ultimately prevailed, Defendants would be faced with the prospect of a significant monetary verdict in favor of the named Plaintiffs and the opt-in collective class, as well as the obligation to pay litigation fees and costs.  If Defendants ultimately prevailed, Plaintiffs would be faced with dismissal of their claims and <u>no recovery of any kind</u>.  Counsel for the parties agree that either outcome was possible in this action, particularly given that some issues likely would have required resolution by a jury.  Accordingly, the Court should conclude that a *bona fide* dispute between the parties existed.

**CONCLUSION**

This FLSA collective action settlement is a product of an arm's-length negotiation between the parties and resolves a *bona fide* dispute between the parties.  After engaging in a thorough analysis of relevant information, the parties resolved the issues between them in mediation before an experienced mediator.  The settlement is fair, reasonable and adequate, and provides Plaintiffs with monetary relief for their claims.  For these reasons, and those set forth above, the Court should grant the motion for settlement approval, and simultaneously dismiss the thirty-nine accepting Plaintiffs' claims in their entirety with prejudice, and dismiss non-responding Plaintiff Kari Stevenson's claims without prejudice, so that this matter may be closed and removed from the Court's docket.

Respectfully submitted, this   2nd   the day of December, 2010.

| | |
|---|---|
| /s/ Rebekah L. Bailey | /s/ Thomas F. Hurka (with consent) |
| **NICHOLS KASTER, PLLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
| Paul J. Lukas, MN Bar No. 22084X* | Thomas F. Hurka (#21340-49) |
| Michele R. Fisher, MN Bar No. 303069* | Margit Anderson* |
| Rebekah L. Bailey, MN Bar No. 289599* | 77 West Wacker Drive, Fifth Floor |
| 4600 IDS Center | Chicago, Illinois 60601 |
| 80 South 8th Street | Telephone: (312) 324-1000 |

8

Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
fisher@nka.com
bailey@nka.com

Fax: (312) 324-1001
thurka@morganlewis.com

**BAKER & DANIELS, LLP**
Edward E. Hollis (#19402-49)
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Fax: (317) 237-1000
edward.hollis@bakerd.com

ATTORNEYS FOR PLAINTIFFS

ATTORNEYS FOR DEFENDANTS

*(*admitted pro hac vice*)

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES SLAVIK, CARLY DEMBECK, and JOSH FOUNTAIN, on behalf of themselves and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Court File No.: 1:10-cv-0257 TWP-TAB |
| v. | ) ) | |
| AUTHOR SOLUTIONS, INC., AUTHORHOUSE, INC., iUNIVERSE, INC., XLIBRIS, CORP., TRAFFORD PUBLISHING, INC., and WORDCLAY, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2010, I electronically filed the foregoing **JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Edward E. Hollis, eehollis@bakerd.com, carol.drumwright@bakerd.com
Thomas F. Hurka, thurka@morganlewis.com
Margit E. Anderson, margit.anderson@morganlewis.com


/s/ Rebekah L. Bailey
Counsel for Plaintiffs