# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES SLAVIK, CARLY DEMBECK, and JOSH FOUNTAIN, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>AUTHOR SOLUTIONS, INC., AUTHORHOUSE, INC., iUNIVERSE, INC., XLIBRIS, CORP., TRAFFORD PUBLISHING, INC., and WORDCLAY, INC.,<br><br>        Defendants. | Court File No.: 1:10-cv-0257 TWP-TAB |

## JOINT STIPULATION OF SETTLEMENT

This Joint Stipulation of Settlement ("Joint Stipulation") was made and entered into by, between, and among Charles Slavik, Carly Dembeck, and Josh Fountain ("Named Plaintiffs"), on behalf of themselves and other opt-in Plaintiffs (collectively, "Plaintiffs"), and Defendants Author Solutions, Inc., AuthorHouse, Inc., iUniverse, Inc., Xlibris, Corp., Trafford Publishing, Inc., Wordclay, Inc. ("Defendants") and is conditioned upon the Court's approval and entry of a Final Order.

1. DEFINITIONS

The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more precisely defined in another Section.

(a) "Action" means the civil action filed in the United States District Court, Southern District of Indiana titled *Slavik v. Author Solutions, Inc.*, Case No. 1:10-cv-0257 TWP-TAB.

(b) "Court" means the United States District Court, Southern District of Indiana.

(c) Plaintiffs and Defendants herein are collectively referred to as "the parties."

1

(d) "Plaintiffs" or "opt-in Plaintiffs" means the 40 individuals who filed consent forms to participate in this Action.

(e) "Plaintiffs' counsel" means Nichols Kaster, PLLP.

2. BACKGROUND

In this collective action, filed March 4, 2010, former and current employees at Defendants' Indianapolis and Bloomington offices allege that Defendants failed to pay them earned wages and overtime, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* These employees work(ed) for Defendants under the following job titles: publishing consultants, marketing consultants, book consultants, editorial consultants, book sales representatives, author services representatives, channel book sales representatives and/or lead developers (collectively "sales consultants").[1] The parties, through their counsel, are familiar with the facts of the case and the legal issues raised by the pleadings. On June 1, 2010, the Court conditionally certified a collective action of current and former sales consultants. Notice was issued to approximately 289 current and former sales consultants. The opt-in period closed on August 9, 2010, and forty (40) Plaintiffs are presently party to this action.

The parties agreed to mediate before the commencement of formal discovery and before the Court entered a scheduling order. The parties meticulously prepared for settlement discussions, exchanging relevant documents and information relating to Plaintiffs' work hours. This case underwent a successful mediation on November 2, 2010, facilitated by U.S. Magistrate Judge Baker. For settlement purposes only, the parties now submit this Joint Stipulation.

---

[1] Defendants dispute that one of the opt-in Plaintiffs appropriately worked under one of these job titles. Defendants have presented evidence to this affect. As such, this opt-in Plaintiff will be offered a settlement under a different calculation than the rest of the collective. *See supra* n. 5.

2

3. <u>REASONS FOR SETTLEMENT</u>

(a) Plaintiffs' counsel have diligently and thoroughly investigated the facts of this Action and researched the legal issues involved. Based on their own independent investigation and evaluation, Plaintiffs' counsel believe that settlement for the consideration and other terms set forth in this Joint Stipulation is fair, reasonable, adequate, and in the best interests of Plaintiffs. While Plaintiffs' counsel believe the claims asserted in the Action have merit and that the Court's collective certification was appropriate, they recognize and acknowledge that it would cost a lot of money, take a long time, and impose substantial burdens on Plaintiffs to fully prosecute this Action. Plaintiffs' counsel also have taken into account the uncertainty and risks inherent in any litigation, especially in complex collective actions. Regardless, the settlement reached represents a significant portion of the damages they could have reasonably expected to receive had they fully litigated this action to a successful verdict.

(b) Defendants deny liability or wrongdoing associated with Plaintiffs' claims and further deny that this Action is appropriate for collective treatment for any purpose other than settlement. Although Defendants do not abandon the positions they took in this Action, they believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of these realities, Defendants believe that this Joint Stipulation is fair, reasonable, and the best course for the resolution of this Action.

4. <u>STATEMENT OF NO ADMISSION</u>

(a) This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission by Defendants as to the truth of the factual allegations or the merits of the claims made against them in this Action.

(b)     This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission of liability or wrongdoing on the part of Defendants with respect to this Action.

5.  CONFIDENTIALITY

The parties understand that this Joint Stipulation will be filed publicly on the Court docket and is not strictly confidential. The parties and counsel agree, however, not to additionally disclose the amounts received by Plaintiffs under this Joint Stipulation to anyone other than immediate family members and tax, financial and/or legal advisors, unless otherwise required by law, court order, or by a legitimate government investigation or inquiry.

6.  MONETARY TERMS OF SETTLEMENT AND TAX TREATMENT

Within three (3) days of the signing of this Joint Stipulation and the finalization of the Plaintiff Notice of Settlement ("Notice"), Plaintiffs' counsel will disburse to Plaintiffs the Notice and an IRS Form W-9. Plaintiffs will be notified of their rights to accept or reject their specific offer. Plaintiffs will have twenty-one (21) days from the date of mailing ("the Notice Period") to sign and return the Notice and Form W-9.

Defendants retain the right to revoke this Joint Stipulation if three (3) or more Plaintiffs reject their offers. If, after reasonable efforts, Plaintiffs' counsel is unable to locate a Plaintiff to obtain an acceptance or a rejection, that Plaintiff will be treated as a non-responding Plaintiff. Non-responding Plaintiffs are not rejecting Plaintiffs. Rejecting Plaintiffs will be dismissed without prejudice and will have thirty (30) days from the date of final approval of the settlement and entry of dismissal to re-file their claims, during which thirty (30) day period their statute of limitations will be tolled. Settlement funds allocated to rejecting Plaintiffs will revert back to Defendants. Non-responding Plaintiffs will be dismissed without prejudice, but their statute of limitations will not be tolled after entry of dismissal. Settlement funds allocated to non-

responding Plaintiffs will be distributed to Southern Minnesota Regional Legal Services, pursuant to the doctrine of *cy pres*.

The parties will file a joint motion for final approval of the settlement and dismissal of the action within three (3) days of conclusion of the Notice Period or after the parties receive signed Notices from all Plaintiffs, whichever occurs first. The parties consent to Magistrate Judge Baker presiding over the joint motion for final approval and dismissal of the action. Defendants will issue and send the settlement checks one payroll cycle, or five (5) business days (whichever is longer), after the Court issues an order granting final approval, and Defendants will send all checks to Plaintiffs' counsel.

As set forth in Exhibit A of this Joint Stipulation, Defendants will make "Settlement Payments" to Plaintiffs and Plaintiffs' counsel in the total amount of $300,000.00. The Settlement Payments will consist of the following components:

(a) "Liquidated Wage Payments for Overtime[2] and Minimum Wage[3] Claims" in the amount of $186,247.07;

(b) "Named Plaintiff Stipends," in the total amount of $2,000.00;[4]

(c) "Minimum Payment," in the total amount of $200.00;[5]

(d) "Attorneys' Fees," in the total amount of $100,000.00;[6]

---

[2] The amount allocated to each Plaintiff, reflected in Exhibit A, is a pro-rata calculation based upon an analysis of each individual's length of employment with Defendants during a three-year statute of limitations period, their individual good faith estimates of actual hours worked, and their individual salaries and commissions received. One Plaintiff only claims overtime damages for two weeks of his employment, and therefore, his allocation is limited to those two weeks plus his minimum wage damages.

[3] Based on Plaintiffs' good faith estimates of hours worked and Defendants' payroll records, nine (9) Plaintiffs, received an hourly rate less than the prevailing minimum wage during certain work weeks. Although this case does not presently assert minimum wage claims, Plaintiffs would have moved to amend to add such claims if a settlement was not reached.

[4] Plaintiff Slavik, who attended the mediation and for whom the Action is named, will receive a $1,000 stipend, and the two remaining named Plaintiffs will each receive $500.00.

[5] One Plaintiff, who does not appear to be a member of the defined collective, will be offered a flat $200.00 settlement for her claims. *See infra* n.1.

(e) "Litigation Expenses and Costs," in the total amount of $6,552.93;[7] and

(f) A "Contingency Fund" of $5,000.00 to cover any potential calculation errors that may arise as well as settlement administration costs. After disbursement of the settlement, Plaintiffs' counsel shall forward the residual to Southern Minnesota Regional Legal Services pursuant to the doctrine of *cy pres*.

Defendants will issue one check to Plaintiffs' counsel for the amount allocated to Attorneys' Fees, Litigation Expenses and Costs, and to the Contingency Fund as defined in parts (d)–(f) above. Defendants will issue separate payments to each Plaintiff in those amounts set forth in Exhibit A and as further defined in (a)–(c) above. Plaintiffs' counsel will be responsible for distributing the checks to Plaintiffs.

Defendants will issue two checks per Plaintiff in gross equal amounts. One check will constitute settlement of each Plaintiff's wage claims, which will be treated as W-2 income for tax purposes. Defendants shall deduct all applicable withholding taxes from the W-2 settlement portion. The second check will qualify as settlement of each Plaintiff's claims for liquidated damages, which will be treated as 1099 income for tax purposes. Each opt-in Plaintiff shall agree to indemnify Defendants if the tax allocation and treatment of these payments is later challenged by the IRS or any state tax authority.

If requested by Plaintiffs' counsel on behalf of any Plaintiff, Defendants will issue replacement settlement checks for checks that are lost, misplaced, delayed or inadvertently destroyed. Any settlement checks that are not negotiated within one hundred eighty (180) days after mailing will be void.

---

[6] The payment of legal fees to Plaintiffs' counsel is consistent with legal services agreements executed between Plaintiffs' Counsel and the Plaintiffs, and represents 33 1/3% of the total Settlement Amount.

[7] The reimbursement of costs to Plaintiffs' counsel is consistent with the Plaintiffs' legal services agreements executed between Plaintiffs' counsel and the Plaintiffs.

7. <u>RELEASE OF CLAIMS</u>

Upon the Court's approval of this Joint Stipulation and entry of the Final Order, Plaintiffs will release and discharge Defendants and their predecessors, former and present parents, subsidiaries, and affiliated corporations, and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties") from any and all claims, causes of action, or liabilities based on or arising out of the allegation that Defendants did not properly compensate Plaintiffs under any federal, state, or local statutory or common law for all hours worked, and including, but not limited to, all claims, causes of action, and liabilities asserted in this Action ("Released Claims"). Plaintiffs' Released Claims include, but are not limited to, any and all claims arising from or dependent on Indiana wage and hour laws, the FLSA, and all of their implementing regulations.

8. <u>DISMISSAL</u>

The parties agree to cooperate and take all steps necessary and appropriate to dismiss this Action with prejudice. The parties will request dismissal of the action in their joint motion for final approval of the settlement. More specifically, the parties will request that "accepting Plaintiffs'" claims be dismissed with prejudice and that "non-responding Plaintiffs'" and "rejecting Plaintiffs'" claims be dismissed without prejudice consistent with the terms of this Joint Stipulation.

9. <u>CONSTRUCTION</u>

The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arms-length negotiations between and among the parties. Accordingly, this Joint Stipulation is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of the Joint Stipulation.

10. <u>INTEGRATION</u>

This Joint Stipulation contains the entire agreement between the parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

11. <u>BINDING ON SUCCESSORS AND ASSIGNS</u>

This Joint Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

12. <u>PARTIES' AUTHORITY</u>

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective parties to its terms and conditions.

Dated: __11-10-10__          Dated: _____

*[signature]*

**NICHOLS KASTER, PLLP**
Paul J. Lukas
Michele R. Fisher
Rebekah L. Bailey
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

**MORGAN, LEWIS & BOCKIUS LLP**
Thomas F. Hurka
Margit Anderson
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601

**BAKER & DANIELS, LLP**
Edward E. Hollis
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204

ATTORNEYS FOR PLAINTIFFS       ATTORNEYS FOR DEFENDANTS

10. <u>INTEGRATION</u>

This Joint Stipulation contains the entire agreement between the parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

11. <u>BINDING ON SUCCESSORS AND ASSIGNS</u>

This Joint Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

12. <u>PARTIES' AUTHORITY</u>

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective parties to its terms and conditions.

Dated: _____        Dated: _Nov. 11, 2010_

                                     _____

**NICHOLS KASTER, PLLP**              **MORGAN, LEWIS & BOCKIUS LLP**
Paul J. Lukas                         Thomas F. Hurka
Michele R. Fisher                     Margit Anderson
Rebekah L. Bailey                     77 West Wacker Drive, Fifth Floor
4600 IDS Center                       Chicago, Illinois 60601
80 South 8th Street
Minneapolis, MN 55402                 **BAKER & DANIELS, LLP**
                                      Edward E. Hollis
                                      300 North Meridian Street, Suite 2700
                                      Indianapolis, Indiana 46204

ATTORNEYS FOR PLAINTIFFS              ATTORNEYS FOR DEFENDANTS